# IN THE SUPREME COURT OF IOWA

No. 14–1542

Filed April 10, 2015

**IOWA DEPARTMENT OF HUMAN SERVICES,**

Plaintiff-Appellee,

vs.

MORSE HEALTHCARE SERVICES, INC. d/b/a FAITH RIDGE LIFE CENTER, MORSE ENTERPRISES, INC. d/b/a KEVINGTON LANE, MANOR OF MALVERN, INC., KEVINGTON LANE, INC., and MARY MORSE-BOLTON,

Defendants,

**KLAASMEYER & ASSOCIATES, INC.,**

Receiver-Appellee,

and

**BANK IOWA,**

Intervenor-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson, Judge.

A bank appeals a district court decision permitting the payment of receivership expenses out of property in which it has a prior perfected security interest. **REVERSED AND REMANDED WITH DIRECTIONS.**

Steven H. Krohn, Smith, Peterson Law Firm, Council Bluffs, and William B. Serangeli and Joseph M. Borg, Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Amy C. Licht, Assistant Attorney General, for appellee Iowa Department of Human Services.

Jeffrey W. Courter, Nyemaster Goode, P.C., Des Moines, for appellee Klaasmeyer & Associates, Inc.

Robert L. Hartwig, Johnston, for amicus curiae Iowa Bankers Association.

**PER CURIAM.**

This is the companion interlocutory appeal with facts that mirror *Iowa Department of Human Services v. DeWitt Bank and Trust Co.*, ___ N.W.2d ___ (Iowa 2015), decided today.

As in *DeWitt Bank,* the Iowa Department of Human Services (DHS) filed an application for relief against the defendant health care providers, Morse Healthcare Services, Inc., Morse Enterprises Inc., Manor of Malvern, Inc., Kevington Lane, Inc., and Mary Morse-Bolton, under Iowa Code section 249A.44 (2015). *See DeWitt Bank,* ___ N.W.2d at ___. The district court appointed a receiver without formal notice to Bank Iowa, a lender that held perfected security interests in the defendant health care providers' property. Bank Iowa intervened and resisted the receiver's applications for fees and expenses. The district court ruled the receivership expenses should be paid out of property in which Bank Iowa had prior lien interests. Bank Iowa sought interlocutory review. We granted its application and expedited the appeal.

In *DeWitt Bank*, we concluded that Iowa follows the common law rule that receivership expenses can be charged to secured property only if the secured creditor has consented to the receivership or benefited therefrom. ___ N.W.2d at ___. Based on the reasoning set forth in *DeWitt Bank*, we reverse the decision of the district court and remand the case for further proceedings consistent with this opinion. Costs on appeal are taxed against DHS.

**REVERSED AND REMANDED WITH DIRECTIONS.**

All justices concur except Waterman, J., who takes no part.

This opinion shall not be published.